JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2700

MADELINE A. MAYER
State Bar No. 035095
Asst. Federal Public Defender
Attorney for Defendant
madeline_mayer@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-97-00176-PHX-SMM |
|---|---|
| Plaintiff, | |
| vs. | **RESENTENCING MEMORANDUM** |
| JAMES WADE ARNOLD, | |
| Defendant. | |

James Wade Arnold comes before this Court to be resentenced. For the past 25 years, Mr. Arnold has woken up every day thinking that he would die in prison. Despite having every reason to be hopeless about his future, he did not despair. Instead, he is a model of redemption: While in custody, he's had barely one disciplinary infraction, taught classes to other inmates, and worked for UNICOR Industries designing parts for the U.S. Military. Mr. Arnold is hopeful that the Court will agree that he has earned the right to rejoin society. Accordingly, Mr. Arnold respectfully requests that the Court impose a sentence of time served and 3 years of supervised release as it is the appropriate, and just, resolution of this case.

## I. Background

A jury convicted Mr. Arnold of two counts of Bank Robbery and two counts of Use of a Firearm in a Crime of Violence. Verdict, ECF No. 61. The Court sentenced him to life in prison. *See* Judgment, ECF No. 80. Nearly twenty-five years later, Mr. Arnold moved to vacate his convictions. *See* Motion to Vacate, ECF No. 114. The Court granted the request, vacating his life sentences under 18 U.S.C. § 3559(c), vacating his 25-year sentence under 18 U.S.C. § 924(c), and setting the matter for resentencing under 18 U.S.C. § 2255. Order, ECF No. 117. The resentencing is scheduled for December 5, 2022. Order, ECF No. 123.

## II. Resentencing Considerations

The Court has always ensured that the people it sentences are treated as individuals and has always recognized that every case is a "unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensure." *Pepper v. United States*, 562 U.S. 476, 487 (2011) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). The Court considers anything about the defendant's background, character, and conduct. *See* 18 U.S.C. § 3661. When the Court resentences a defendant, it considers his rehabilitation since the prior sentencing. *See Concepcion v. United States*, 142 S. Ct. 2389, 2404–05 (2022). A defendant's post-sentencing rehabilitation likely provides the most accurate indicator of "his present purposes and tendencies and significantly to suggest the period of restraint and the kind of discipline that ought to be imposed upon him" *Pennsylvania ex rel. Sullivan v. Ashe*, 302 U.S. 51, 55 (1937).

Additionally, the Court considers both the United States Code and the Sentencing Guidelines when sentencing a defendant. The sentence imposed must achieve the goals of retribution, deterrence, incapacitation, and rehabilitation. 18

U.S.C. § 3553(a). Importantly, the sentence must be sufficient, but not greater than necessary, to achieve these goals.[1] *Id.* Additionally, the Court considers the Sentencing Guidelines but does not presume the applicable range is reasonable. *See Gall v. United States*, 552 U.S. 38, 50 (2007). The Court looks at all the facts of the specific case and makes an individualized assessment as to the appropriate sentence. *See id.*

### III. Questions & Answers for the Court

The Court likely has many questions for Mr. Arnold. He hopes to help address the Court's likely given his past criminal record.

**1. Is Mr. Arnold remorseful for his conduct?**

Yes. He still lives with the pain and shame from the crimes that he committed. Much of his rehabilitation in prison has focused on coming to terms with the harm he caused.

**2. Does Mr. Arnold ever think about the harm he's caused to other people with his crimes?**

Yes. He often thinks about the bank tellers and the people present in the bank during the robberies. He recognizes that they must have been fearful and were traumatized. Back when he was committing crime, he didn't think about the harm it caused others. He was only focused on himself. But now, he realizes the harm that he caused his victims and that they likely still live with that trauma.

---

[1] The Court must consider several factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the kinds of sentences available;" (3) the applicable sentencing range established by the Sentencing Guidelines; (4) "any pertinent policy statement issued by the Sentencing Commission;" (5) "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct;" and (6) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1), (3)–(7).

### 3. Mr. Arnold had a second chance when his 1975 murder conviction was overturned. Why did he waste that opportunity?

Mr. Arnold looks back in sorrow at the wasted opportunity. He failed to make use of that opportunity because the time he spent in prison severely traumatized him. He was arrested at age 17. He had never been to prison before. Everything inside prison was chaos. It was hard to stay alive. He had to learn how to survive in this whole new world. His time in prison affected him more than he thought and when he was released from custody, he was not prepared. He will not make this mistake again. He will not squander this second chance.

### 4. If Mr. Arnold is released from prison, what is he going to do?

Mr. Arnold plans to be a contributing member to society. If that means he must work two or three jobs, he is willing and ready to do the work. Recently, he's looked at companies in Phoenix that hire individuals with a criminal record. He has a resume prepared. He is ready to apply for jobs and begin working.

### 5. Is Mr. Arnold a different person than he was in 1997?

Yes, he is a completely different person. The main thing that he has learned is to stop blaming other people for his mistakes. Before, he would blame everyone else for the bad things that happened to him. Doing this allowed him to externalize any responsibility for his own actions. Now, he recognizes that he must internalize his mistakes. As he told defense counsel, "I find that many criminals in here blame society, blame the system, blame the prosecutors, and blame the judges. I don't anymore. I've turned out to be the opposite. I respect everyone, the effort and time they put into their careers. Everything they put into their life that I didn't."

**6. What skills has Mr. Arnold learned in prison?**

Mr. Arnold is a skilled worker. Despite believing that he'd never leave prison, he has applied himself and taken advantage of his opportunities. He has spent most of his time working for UNICOR Industries. He learned a lot working there, including how to work on military vehicles. He once fabricated mock villages that they installed at military bases for training. Mr. Arnold has also taught CDL classes and Fitness Over 50 classes. He completed a horticulture program but cannot get certified until he is out of custody.

**7. What disciplinary issues, if any, has Mr. Arnold had in prison?**

Mr. Arnold has been a model inmate. In his quarter of a century in prison, Mr. Arnold has only had one minor infraction. During COVID, he was disciplined for not fully participating in programming.

**8. If Mr. Arnold is released from prison, is he going to commit another crime?**

In his Mr. Arnold's own words, he would rather live in a cardboard box under a bridge than commit another crime. Supervised release will help ensure that he does not have to live in a cardboard box. He welcomes those services and the supervision.

**9. What has Mr. Arnold learned during his 25 years in prison?**

Mr. Arnold has accepted responsibility for his actions, stopped blaming others for his mistakes, and acknowledged the harm he's caused others. As he told defense counsel, "I finally gave up all the anger and the bitterness. I let myself live. I acknowledged what's right and what's wrong."

**10. Has Mr. Arnold earned the opportunity to rejoin society?**

Yes.

### IV. Conclusion

Accordingly, Mr. Arnold respectfully asks this Court to give him another chance. The government, who prosecuted him, and U.S. Probation, who wrote the Presentence Report and will supervise him, have deemed him worthy. He requests that the Court sentence him to time served and 3 years of supervised release.

Respectfully submitted:        November 23, 2022

JON M. SANDS
Federal Public Defender

 *s/Madeline A. Mayer*
MADELINE A. MAYER
Asst. Federal Public Defender